JEFFERSON SAPP V. STATE

No. 29,758. April 23, 1958.

*Calvin A. Grice* and *Carl A. Williams*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White, Charles C. Castles*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 10 years.

The scene of the homicide was a city street in a thickly populated section of Houston. The time was the afternoon of July 4. All the participants appear to have been observing our national holiday with the aid of ardent spirits. Though there was con-siderable conflict as to who started the difficulty, it is undisputed that the appellant was the only participant who was armed with a knife, and three persons were cut, one fatally. Appellant's confession was introduced without objection, and the sufficiency of the evidence to support the conviction is not challenged.

Only one question is presented for review, and it grows out of the proper application of Article 678, V.A.C.C.P., which reads as follows:

"In the trial of any criminal case in any District Court, Criminal District Court, or County Court, County Criminal Court, or County Court of Law, of this State, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them *the particular point in dispute, and no other;* but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the Judge shall direct him to repeat his testi-

mony as to *the point in dispute, and no other,* as nearly as he can in the language used on the trial."

As qualified, the bill of exception reveals that, after the jury retired to consider their verdict, they sent the court a note asking for the entire testimony of the witness Williams. At this point, we observe that Williams' testimony covers thirty pages in the statement of facts. The court had the jury brought into the court-room and told the jury, without objection, that he had formerly been a court reporter and had been a judge for many years and from that experience had learned "that many times jurors would ask for the entire testimony of a witness or witnesses, when they were in disagreement on only a part of said testimony, and directed the jury to retire and then inform the court as to whether or not they wanted the entire evidence of said witness, which would take some time to read, or were they in disagree-ment on some particular part. In a short time thereafter the jury sent word out, withdrawing their request that any of the testimony of said witness be read."

We find no error in the bill. It will be noted that the statute reads, "as to the point in dispute, and no other."

Finding no reversible error, the judgment of the trial court is affirmed.